THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JOSEPH DALY, Appellant.

**Crimes — false label — counterfeit — strict proof of knowl-
edge of falsity of label required to warrant conviction where
article sold was as represented.**

On trial of a defendant, charged with violating section 2354 of the
Penal Law in keeping and offering for sale an article bearing a false
label, where it appears that though the label was false and counterfeit
the article sold was genuine and as represented, strict proof of
knowledge of falsity should appear to warrant a judgment of conviction.
*People* v. *Daly*, 216 App. Div. 710, reversed.

(Argued January 13, 1927; decided January 25, 1927.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered February 19, 1926, which affirmed a judgment
of the Court of Special Sessions of the city of New York
convicting the defendant of a violation of section 2354
of the Penal Law.

*Henry Clay Greenberg* for appellant. The judgment of
conviction is wholly unsupported by the evidence. The
crime as charged in the information was not committed.
The record is barren of any proof showing that the
defendant had knowledge of the falsity of the label
without the proof of which the People could not establish
guilt. (*People* v. *Franklin*, 198 App. Div. 712.)

*Joab H. Banton, District Attorney* (*Edwin B. McGuire*
of counsel), for respondent. The judgment of conviction
was warranted by the evidence. (*People* v. *Willis*, 158
N. Y. 392; *People* v. *Luhrs*, 127 App. Div. 634; 195
N. Y. 377; *People* v. *Sanducci* 195 N. Y. 361; *People*

v. *Poulin,* 207 N. Y. 73; *People* v. *Atlas,* 183 App. Div.
593; 230 N. Y. 629; *People* v. *Rodawald,* 177 N. Y.
408; *People* v. *Long,* 150 App. Div. 500.)

PER CURIAM.   The information charges a violation of
Penal Law, section 2354, as follows: " The said defendant
on the 21st day of November, 1924, at the City of New
York, in the county of New York, *unlawfully and know-
ingly did keep and offer for sale* to the public generally an
article of merchandise, to wit: an overcoat to which was
affixed the markings, Worumbo Manufacturing Company,
then and there well knowing that the said markings were
false and counterfeit *of trademarks of the said Worumbo
Manufacturing Company* and were affixed to the said
coat without the consent of the said company in violation
of section 2354 of the Penal Law of the State of New
York."

The evidence establishes that defendant sold an over-
coat of genuine Worumbo cloth to which was affixed a
false and counterfeit label purporting to be the trade-mark
label of the Worumbo Company.   He had received labels,
not from the Worumbo Company, but from those who
manufactured Worumbo cloth into garments to whom
the Worumbo Company furnished labels.   He had in his
possession both genuine and false labels.   From the fact
that he had spurious labels in his possession, it was inferred
that he knew the true from the false.   Such might have
been a reasonable inference if the false label had been
attached to a garment made of a cloth other than that
manufactured by the Worumbo Company.   Plainly the
principal purpose of the Legislature was to protect the
manufacturers and the public from deceptive labels
attached to goods that were not what the label represented
them to be.   Strict proof of knowledge of falsity should
appear when only the letter of the law is disregarded and
the false label is not used to deceive.

For all that appears, defendant, when he sold the over-

coat, knew not which was the true label and which the false, and knew not that either was false.

The judgment of the Appellate Division and that of Special Sessions should be reversed and a new trial ordered.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., absent.

Judgment reversed, etc.